## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1)   AMERICAN INTER-FIDELITY CORP., as Attorney-in-Fact for AMERICAN INTER-FIDELITY EXCHANGE,<br><br>          Plaintiff,<br><br>   -v-<br><br>(1)   BOOMER ENVIRONMENTAL, LLC;<br>(2)   TIGER LOGISTICS, INC.;<br>(3)   TRAVELERS PROPERTY CASUALTY CORP.,<br><br>          Defendants. | CIV-20-927-D<br>Case No. _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, American Inter-Fidelity Corp. ("AIFC"), as Attorney-in-Fact for American Inter-Fidelity Exchange ("AIFE"), by and through its attorneys, SMILING, SMILING & BURGESS, brings this Complaint for Declaratory Judgment against Defendants Boomer Environmental, LLC ("Defendant Boomer"), Tiger Logistics, Inc. ("Defendant Tiger"), and Travelers Property Casualty Corp. ("Defendant Travelers"). In support, AIFE alleges as follows:

### INTRODUCTION

1.     This is an action for declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, to determine a justiciable controversy regarding AIFC's rights and legal obligations under a commercial auto liability policy and accompanying

MCS-90 endorsement, issued by AIFE to Defendant Tiger, and to determine the rights and legal obligations of the parties under certain contracts of insurance  by the AIFE policy and Travelers cargo policy.

## PARTIES, JURISDICTION, & VENUE

2.     AIFC is a foreign corporation organized under the laws of the State of Indiana, with its principal place of business located in Merrillville, Indiana. AIFC is the attorney-in-fact for AIFE, a reciprocal inter-insurance exchange organized and licensed under Indiana law. AIFC manages and performs all day-to-day operations on behalf of AIFE, including conducting litigation on behalf of AIFE.

3.     Defendant Tiger is a foreign corporation organized under the laws of the State of Illinois, with its principal place of business located in Elk Grove Village, Illinois.

4.     Defendant Boomer is a domestic corporation, with its principal place of business located in Oklahoma City, Oklahoma. As a result of the underlying incident, Defendant Boomer instituted a civil lawsuit against Defendant Tiger in this Court. The particulars of this lawsuit are described further below.

5.     Defendant Travelers is a foreign corporation organized under the laws of the State of Minnesota, with its principal place of business located in Hartford, Connecticut.

6.     The incident that gave rise to this coverage and endorsement dispute occurred in Oklahoma County, State of Oklahoma.

2

7.     Pursuant to 28 U.S.C. § 1332, this Court has proper subject matter jurisdiction as the amount in controversy exceeds $75,000.00 and is between diverse litigants.

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

### FACTUAL ALLEGATIONS

#### –Background–

9.     AIFE adopts and incorporates by reference paragraphs 1–8 above as if fully restated herein.

10.     On or about January 26, 2019, Defendant Tiger, as a for-hire commercial carrier, was transporting a cargo load of cleaning supplies through the State of Oklahoma via a tractor-trailer.

11.     On or about January 26, 2019, Defendant Tiger's tractor-trailer was involved in an accident that resulted in the spill of the cleaning supplies cargo load. No other property, including other vehicles, was damaged in connection with the accident.

12.     As a result of the accident, Defendant Tiger employed cleanup and environmental restoration services from Defendant Boomer.

13.     At the time of the accident, Defendant Tiger was insured by AIFE under "Commercial Auto Liability Policy No. L18A2520" ("the Policy", attached hereto as "**Exhibit A**").

14.     Upon information and belief, Defendant Tiger, at the time of the accident, held a cargo insurance policy issued by Defendant Travelers.

#### –The Underlying Lawsuit–

3

14.     AIFE adopts and incorporates by reference paragraphs 1–14 above as if fully restated herein.

15.     As a result of the accident, Defendant Boomer brought suit against Defendant Tiger in this Court. *See Boomer Environmental v. Tiger Logistics*, No. 5:19-CV-00487-C (W.D. Okla. filed May 28, 2019).

16.     Defendant Boomer's lawsuit against Defendant Tiger concerns the alleged non-payment of the former's cleanup services of the cargo materials spilled on and along a state highway in Oklahoma County, State of Oklahoma.

17.     Defendant Boomer alleges that the accident was the result of Defendant Tiger's negligence, and that the cleaning supplies spilled were "hazardous materials", the release of which necessitated an environmental cleanup.

18.     Defendant Boomer alleges that it fully performed all necessary highway remediation and cleanup services as a result of the accident and spilled cargo.

19.     Defendant Boomer alleges that Defendant Tiger has yet to pay for the services rendered by Defendant Boomer, and, consequently, that Defendant Boomer has suffered damages.

**–The Policy at Issue–**

20.     AIFE adopts and incorporates by reference paragraphs 1–20 above as if fully restated herein.

21.     On or about March 6, 2018, AIFE issued to Defendant Tiger "Commercial Auto Liability Policy No. L18A2520" ("the Policy", attached hereto as "**Exhibit A**"), effective for the period of March 10, 2018 through March 10, 2019.

4

22.    AIFE hereby relies upon and incorporates by reference the Policy, including the Declarations Page and all forms and endorsements, in support of the statements and allegations set forth in its Complaint for Declaratory Judgment.

23.    Pursuant to the Policy:

---

**PART ONE**
**DEFINITIONS**

---

When used throughout this Policy:

\*        \*        \*

10. "Suit" means a civil proceeding in which:
   A. Damages because of "bodily injury" or "property damage"[;] or
   B. A "covered pollution cost or expense",

to which the insurance applies, are alleged.

\*        \*        \*

17. "Covered pollution cost or expense" means any cost or expense arising out of:
   a. Any request, demand or order; or
   b. Any claim or "suit" by or on behalf of a governmental authority demanding, that the "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify, or neutralize, or in any way respond to, or asses the effects of "pollutants".

"Covered pollution cost or expense" does not include any cost or expense arising out of the actual alleged or threatened discharge, dispersal, seepage, migration, release, or escape of "pollutants":

1. That are, or that are contained in any property that is:
   a. Being Transported or towed by, handled or handled for movement into, onto or from a covered "auto"
   b. Otherwise in the course of transit by or on behalf of an "insured"
   c. Being stored, disposed of, treated or processed in or upon the covered "auto"; or
2. Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or covered "auto" or
3. After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph 1 above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if;

A. The "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants" . . . .

\* \* \*

---

## PART FOUR
## LIABILITY COVERS

---

1. . . . .

We will also pay all sums an insured legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from ownership, maintenance or use of a covered "auto". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident"[.]

\* \* \*

## PART SIX
## EXCLUSIONS

**This insurance does not apply to any of the following:**

\* \* \*

6. "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration release or escape of "pollutants";

   a. That are, or that are contained in any property that is:

      i. Being transported or towed by, handled or handled for movement into, onto or from the covered "auto";

      ii. Otherwise in the course of transit by or on behalf of the "insured", or

      iii. Being stored, disposed of treated or processed in or upon the covered "auto"

   b. Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto" or

> c. After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured"
>
> This exclusion does not apply to fuels, lubricants, fluids, exhaust gasses or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if:
>
> > d. The Pollutants escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants"[.]

24.     Further, the Policy, by way of endorsement, includes an Endorsement for Motor Carrier Policies Insurance for Public Liability Under Sections 29 and 30 of the Motor Carrier Act of 1980, otherwise referred to as an MCS-90 endorsement, which explains that AIFE agrees to pay up to $1,000,000 of any final judgment against its insured, Defendant Tiger, for public liability resulting from negligence in the operation, maintenance, or use of motor vehicles subject to federal financial responsibility requirements. The MCS-90 endorsement further explains that "all terms, conditions, and limitations in the policy to which the endorsement is attached shall remain in full force and effect as binding between the insured and the company." *See* Exhibit A, Endorsement for Motor Carrier Policies Insurance for Public Liability Under Sections 29 and 30 of the Motor Carrier Act of 1980.

**–Facts Relevant to the Insured's Claim–**

25. AIFE adopts and incorporates by reference paragraphs 1–25 above as if fully restated herein.

26. On or about January 28, 2019, AIFE received notice from Defendant Tiger of the underlying accident.

27. During the course of its investigation, AIFE issued a reservation of rights letter upon learning that the spill and cleanup costs may not be covered under the Policy based on the lack of property damage or applicable "covered pollution cost or expense", as defined in the Policy.

28. As noted above, the Policy does not include broadened pollution liability coverage, which otherwise would have extended coverage to damages, costs and expenses resulting from the release of pollutants other than those from the internal units of the tractor-trailer itself (*e.g.*, fuels, lubricants, fluids, exhaust gasses, *etc.*).

29. During the course of its investigation, AIFE determined that the spilled materials involved only the cargo transported by Defendant Tiger, and that the accident as a whole did not result in the release of the tractor-trailer's diesel fuel, oil, anti-freeze, fluids contained within the tractor-trailer's power unit, or any other chemicals originating from the tractor-trailer or any of its internal units associated with the normal mechanical operation of the tractor-trailer.

30. During the course of its investigation, AIFE learned that Defendant Boomer's cleanup services addressed the cargo materials released, as opposed to any fuel or other pollutants released from the tractor-trailer itself. This was confirmed to AIFE by Defendant Boomer and further evidenced by an itemized invoice.

9

31.     In June of 2019, AIFE received a letter from counsel for Defendant Tiger notifying AIFE of the underlying lawsuit. Defendant Tiger indicated it was tendering the lawsuit for defense and indemnification.

32.     AIFE, pursuant to its investigation and the terms of the Policy, notified Defendant Tiger that there was no coverage for the cleanup costs associated with the spilled cargo materials and, thus, that it would not provide defense to Defendant Tiger in the underlying lawsuit.

33.     Upon information and belief, Defendant Boomer intends to recoup attorneys' fees arising from the underlying lawsuit from AIFE, purportedly pursuant to the aforementioned MCS-90 endorsement.

33.     Pursuant to its investigation and the terms of the Policy, AIFE maintains that the cleanup costs stemming from the underlying accident do not fall within the Policy definition of a "covered pollution cost or expense" for purposes of liability coverage provided by the Policy.

34.     Pursuant to its investigation and belief that coverage exists under a cargo insurance policy issued to Defendant Tiger by Defendant Travelers, and that such policy was effective at the time of the accident, AIFE maintains that Defendant Travelers is liable for the cleanup costs stemming from the underlying accident.

35.     AIFE maintains that satisfaction of a judgment involving restitution for environmental restoration under the MCS-90 endorsement does not include attorneys' fees.

### DECLARATORY RELIEF SOUGHT

36.     AIFE adopts and incorporates by reference paragraphs 1–37 above as if fully restated herein.

37.     AIFE seeks a declaration that it owes no obligations, pursuant to its reservation of all rights and defenses under the Policy, to Defendant Tiger in connection with the underlying lawsuit pending against Defendant Tiger in this Court.

38.     AIFE seeks a declaration that the claimed cleanup costs incurred by Defendant Boomer are not covered under the Policy issued to Defendant Tiger by AIFE.

39.     AIFE seeks a declaration that Defendant Travelers is liable for the cleanup costs pursuant to its cargo insurance policy issued to Defendant Tiger.

40.     AIFE seeks a declaration that satisfaction of a judgment against Defendant Tiger in the underlying lawsuit involving restitution for environmental restoration under the MCS-90 endorsement does not include attorneys' fees.

41.     Based on the foregoing, there exists an actual and justiciable controversy between AIFE and the Defendants and involving the rights and liabilities of the parties under the Policy/under the aforementioned policies of AIFE and Travelers, the controversy of which may be determined by a judgment of this Court. AIFE seeks guidance from this Court to determine the rights and liabilities of the parties.

WHEREFORE, Plaintiff, AIFC, as attorney-in-fact for AIFE, prays that this Court determine and adjudicate the rights and liabilities of parties under the Policy/under policies of AIFE and Travelers, and award Plaintiff any other relief that the Court deems just and equitable.

11

Respectfully Submitted,

**SMILING, SMILING & BURGESS**

By  s/ A. Mark Smiling

   **A. MARK SMILING, OBA # 10672**
Bradford Place, Suite 300
9175 South Yale Avenue
Tulsa, Oklahoma 74137
(918) 477-7500
(918) 477-7510 *facsimile*
*slf@smilinglaw.com*
**ATTORNEY FOR PLAINTIFF**